NADIA KYZYMA, PLAINTIFF, v.
NICHOLAS KYZYMA, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided December 8, 1971.

*Mr. Herman Blank* attorney for plaintiff.

*Mr. Vincent J. Dotoli* attorney for defendant.

CONSODINE, J. C. C. (temporarily assigned). Following an uncontested divorce, plaintiff sued for partition of a tenancy in common and a joint bank account. Motion is made for summary judgment to strike the answer and counterclaim, the gist of which is to introduce into a case where the divorce was prior to the effective date of *L.* 1971, *c.* 212, a demand for equitable distribution of property acquired during the marriage under *N. J. S. A.* 2A:34–23.

The parties to the tenancy by the entirety became tenants in common upon the divorce. *Drachenberg v. Drachenberg,* 142 *N. J. Eq.* 127 (E. & A. 1948); *Wujciak v. Wujciak,* 140 *N. J. Eq.* 487 (Ch. 1947). The joint account on the facts was also subject to division. *Forbes v. First Camden Nat. Bank & Trust Co.,* 25 *N. J. Super.* 17 (App. Div. 1953).

The power of the court to distribute equitably the property acquired by the wife (in this case) arises from *L.* 1971, *c.* 212. The language of the pertinent section, *N. J. S. A.* 2A:34–23, is limited by the words,

In all actions where a judgment of divorce * * * is entered * * * the court may make such award * * * to effectuate an equitable dis-

tribution of the property * * * legally * * * acquired by them or either of them during the marriage.

The power of the court under the statute is not retroactive. It is prospective only, from the effective date of the statute. This is unlike the clear import of the language of the statute in *N. J. S. A.* 2A:34-2 where,. concerning causes for divorce, the language is, "divorce * * * may be adjudged for the following causes heretofore or hereafter arising." See also, *Indiero v. Indiero,* 116 *N. J. Super.* 193 (Ch. Div. 1971).

Defendant's remedy is not under *N. J. S. A.* 2A:34-23. Motion for summary judgment granted.